IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 20, 2004 Session

## RICHARD H. DEVAUGHN v. FAYETTE MULLINS, ET AL.

**Direct Appeal from the Chancery Court for Weakley County**
**No. 17801     William Michael Maloan, Chancellor**

_____

**No. W2003-02581-COA-R3-CV - Filed November 8, 2004**

_____

The trial court determined that the boundary line separating the parties' properties was established by an old fence line. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and**
**Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Richard H. DeVaughn, *Pro Se*.

James H. Bradberry, Jeffery T. Washburn, Dresden, Tennessee, for the appellees, Fayette Mullins and Brenda Mullins.

**OPINION**

This dispute concerns a boundary line of approximately 525 feet between Plaintiff/Appellant Richard H. DeVaughn's (Mr. DeVaughn) property to the south and property belonging to Fayette and Brenda Mullins ("the Mullins") to the north. Mr. DeVaughn commenced this action with the filing of a complaint for declaratory judgment against the Mullins in the Weakley County Chancery Court in September 2002. In his complaint, he sought a judgment of $30,000 in damages for, *inter alia*, trespass, cutting of approximately six trees, devaluation of real property, and diversion of the natural flow of water. Mr. DeVaughn also prayed for incidental and trial expenses. In their answer, the Mullins denied liability and counter-claimed for illegal dumping and damages to property.

Surveyor Jim Crocker (Mr. Crocker) conducted a professional survey of Mr. DeVaughn's property for Mr. DeVaughn's predecessor in interest in September 1999. This survey formed the basis of the purchase of the property by Mr. DeVaughn in November 1999. Mr. Crocker testified that he determined the boundary line between the parties by utilizing deed descriptions and was able

to locate an iron pin which marked the southeast corner of the Mullins' property. He further testified that, although he did not locate a pin at the southwest corner, he was able to locate the corner with the help of an adjoining property owner. He stated that the southwest corner was marked by an oak tree which was 48" in diameter. Mr. Crocker additionally stated that he had considered a partial fence line.

The 1999 survey was updated in August 2002 by surveyor Robert Brent Nichols (Mr Nichols), who confirmed the property line as established by Mr. Crocker. At trial, Mr. Nichols testified that he had the benefit of the Crocker survey as well as a survey word description prepared by J.R. Burdette (Mr. Burdette) for preparation of the Mullins' deed in 1984. Mr. Nichols also testified that there was an old fence attached to the four-foot oak tree at the southwest corner of the Mullins' property, and that the old fence line ran close to the property line. Mr. Nichols further testified that five trees had been cut slightly south of the property line as established by the surveys.

The Weakley County Assessor, David Tuck (Mr. Tuck), testified regarding tax maps for 1970, 1993, and 2003. Mr. Tuck testified that, since at least 1972, the tax assessments on the properties had been based on the boundary established by the old fence line. Mr. Tuck also testified that on the 1970 tax map the acreage on the tax rolls for the DeVaughn property was 66.5 acres, but the new map indicated 69.6 acres. Mr. Tuck additionally stated that, although the maps were to scale and established the boundary as the old fence line, the tax maps would not be more accurate than a survey.

The trial court entered judgment on September 18, 2003. The trial court determined that the property line was established by the old fence line as depicted on the property assessor's map. The trial court determined that this line ran east from the four-foot oak tree on the southwest corner along the fence line to the southeast corner of the Mullins' property. The trial court dismissed Mr. DeVaughn's complaint and the Mullins' counter-complaint, ordered each party to pay their own attorney fees, and divided the costs of the matter equally. Mr. DeVaughn filed a timely notice of appeal to this Court.

### Issues Presented

The issue before this Court on appeal, as we perceive it, is whether the trial court erred by determining that the boundary line between the parties is established by the old fence line as indicated on the assessor's maps.

### Standard of Review

Our standard of review of a trial court sitting without a jury is *de novo* upon the record. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's findings of fact, unless the preponderance of evidence is otherwise. Tenn. R. App. P. 13(d). Thus, we may not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. We review the trial court's conclusions on matters

of law *de novo*, with no presumption of correctness. Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

## *Analysis*

Mr. DeVaughn asserts the boundary between the parties runs just north of the old fence line, whereas the Mullins assert the boundary is established by an old fence line which is located on the south side of an old field road. Upon examination of the maps in the record, we note that the dispute concerns a very narrow strip of property. In its order, the trial court stated that, based on the testimony, maps and pictures, it was convinced that the old fence line established the boundary line between the parties' properties. Having reviewed the entire record, we cannot say the evidence preponderates against the finding of the trial court.

In determining boundaries, courts generally resort first to natural landmarks, and then to artificial monuments or marks. *Thornburg v. Chase*, 606 S.W.2d 672, 675 (Tenn. Ct. App. 1980). They next look to the boundary lines of adjacent properties, and finally to courses and distances. *Id.* In this case, the trial court set the west corner of the boundary line at an old oak tree which is 48 inches in diameter. We note that this corner marker - the oak tree - is the same as that established by Mr. Crocker to mark the west corner.

We additionally note that Mr. Crocker testified that the difference between the property boundary as established by himself and Mr. Nichols, on one hand, and that established by Mr. Burdette, on the other hand, was "within tolerance" of the margin of error as commonly accepted in the surveying profession. Mr. Crocker stated, "His (Mr. Burdette's) magnetic readings were in 1984. Mine were in 1999. You know, if you consider the magnetic declination over the years, it could mean, you know, a considerable amount of difference, 30 minutes or more . . . you could easily be 30 minutes of a degree off just in the person reading the compass." Further, we note that the disputed area is approximately three feet in width. It is less than the four foot diameter of the oak tree, and well within the acceptable margin of error for professional surveys. Mr. DeVaughn simply has not carried his burden of demonstrating that the evidence preponderates against the finding of the trial court.

## *Holding*

In light of the foregoing, we affirm the judgment of the trial court. The boundary line between the properties is established as marked by the oak tree at the west and running east along the old fence line as depicted on the assessor's maps to the pin located at the east corner. Costs of this appeal are taxed to the Appellant, Richard H. DeVaughn, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE